**Irma Grajeda RITO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–70239.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 24, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Irma Grajeda Rito, Fullerton, CA, pro se.

CAC–District Counsel, Los Angeles, CA, Office of the District Counsel, Department of Homeland Security, Aram A. Gavoor, Washington, Dc, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Ronald E. LeFevre, San Francisco, CA, Office of the District Counsel, Department Of Homeland Security, Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM **

Irma Grajeda Rito, a native and citizen of Mexico, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen the underlying denial of her application for cancellation of removal, which was based on her failure to establish the requisite hardship to her qualifying United States citizen son.

In her motion to reopen, Rito asserted exceptional and extremely unusual hardship based on the new evidence of the birth of her second United States citizen child, her separation from her children's father, the onset of a medical condition which caused her to feel dizzy, and her son's asthma and educational difficulties. The evidence of Rito's son's asthma condition and his educational difficulties concerned the same basic hardship grounds as Rito's application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that Rito failed to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

establish the requisite hardship. *See id.* at 600.

■ Rito's evidence of the birth of her daughter, the separation from her children's father and her medical condition may have been a basis for relief, but the BIA considered the evidence submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.